# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JEFFERY PAUL PRIMEAUX** | * | **CIVIL  ACTION NO. 09-1784** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993.  Jeffery Paul Primeaux, born May 19, 1970, filed an application a period of disability and disability insurance benefits on November 29, 2007, alleging disability as of October 19, 2007, due to disorder of the lumbar spine and obesity.

## FINDINGS AND CONCLUSIONS

I find that there is not substantial evidence in the record to support the Commissioner's finding that the claimant was not disabled and that this case should be remanded for further proceedings.

In fulfillment of Fed. R. Civ. P. 52, I find that this case should be remanded for further proceedings, for the following reasons.

**(1) Records from Records from American Legion Hospital dated October 19, 2007**.  Claimant complained of back and bilateral leg pain and numbness for two days.  (Tr. 124).  He had a history of morbid obesity.  X-rays of the lumbar spine showed disc space narrowing at L5-S1 and osteoarthritis.  (Tr. 143).  He was prescribed Toradol and Norflex.  (Tr. 139).

**(2) Records from Cannon Family Medicine dated November 3, 2004 to November 13, 2007**.  On October 22, 2007, claimant complained of lower back pain with right-sided numbness and trembling arms.  (Tr. 130).  On examination, he was 72.5 inches tall and weighed over 350 pounds.  (Tr. 131).  His blood pressure was 160/90.

Claimant had decreased sensation to the toe and posterior leg on the left side.  His tendon reflexes and strength were normal.  Gait and station was normal.  He had full range of motion of the back and mild pain with extension.  He had no weakness.

Dr. Cannon's diagnoses were back pain – self limited problem and paresthesia – self limited problem.  He prescribed prednisone, Lortab for break through pain, Tylenol, heat, and exercises.

**(3) Records from University Medical Center ("UMC") dated October 27, 2007 to November 25, 2007**.  On October 27, 2007, claimant complained of

pulling his lower back while climbing stairs.  (Tr. 161).  He also reported right leg numbness.  The assessment was obesity and low back pain.

On November 24, 2007, claimant complained of chronic low back pain which was steadily worsening.  (Tr. 155).  A CT of the lumbar spine showed extensive multilevel degenerative changes as well as an underlying congenital short pedical variant.  (Tr. 159).  He also had varying degrees of spinal canal and neuroforaminal compromise, most severe at L4-5 and L5-S1.  The assessment was lumbar disc disease, chronic low back pain, and obesity.  (Tr. 155).

**(4) Physical Residual Functional Capacity Assessment dated January 11, 2008**.  The medical consultant, Linda Nelson, found that claimant could lift/carry 20 pounds occasionally and 10 pounds frequently.  (Tr. 166).  He could stand/walk about six hours in an eight-hour workday.  He had limited push/pull ability in his upper extremities due to low back pain and obesity.

Ms. Nelson opined that claimant could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds.  (Tr. 167).  He could occasionally balance, stoop, kneel, crouch, and crawl.

**(5) Records from UMC dated February 10, 2008 to November 11, 2008**.  On February 10, 2008, claimant was seen for evaluation of his obesity.  (Tr. 178).  He presented with increased loss of sensation in the lower extremities on May 24,

3

2008. (Tr. 213). Examination showed loss of fine touch sensation on his entire right lower extremity and proximal third of the left leg. The assessment was lower back pain and parasthesia. He was referred to Shreveport neurosurgery. (Tr. 207, 213).

On September 16, 2008, claimant was seen for chronic back pain and morbid obesity. (Tr. 203). He was instructed to lose weight. (Tr. 204).

An MRI dated November 11, 2008, showed multilevel disc protrusions centrally with acquired and central spinal stenosis at multiple levels, and facet joint degenerative changes, primarily at L5-S1. (Tr. 201). Claimant had no nerve impingement. (Tr. 200). His weight was 407.4 pounds.

**(6) Claimant's Administrative Hearing Testimony**. At the hearing on January 27, 2009, claimant testified that he had last worked on June 29, 2007, at a rice mill. (Tr. 21). He worked there for 15 years until he was laid off. He reported that he had tried working for mosquito control about four months prior to the hearing, but could not handle it because the job required driving four to six hours per night.

As to complaints, claimant testified that he had back trouble with numbness in his legs and around his waist area. (Tr. 22). He stated that he had an

appointment scheduled at LSU in Shreveport for back surgery. He also had high blood pressure.

Regarding limitations, claimant testified that he could stand for 15 to 20 minutes before his leg became weak and started shaking. (Tr. 25). He stated that he could sit about an hour to an hour and a half before having to stand about 10 to 15 minutes. He said that he could sit about three to four hours total. (Tr. 26).

Claimant testified that he ate one meal a day, but had not been able to lose weight. He said that he had had that problem all of his life. (Tr. 27). He also complained that his back woke him at night sometimes.

**(7) Administrative Hearing Testimony of William Stampley, Vocational Expert ("VE")**. Mr. Stampley described claimant's past work as a grain dryer operator as heavy. (Tr. 23-24).

**(8) The ALJ's Findings**. Claimant argues that: (1) the ALJ failed to evaluate his severe orthopedic problems compounded by his obesity pursuant to the guidelines in SSR 02-1p and federal jurisprudence; (2) the ALJ improperly failed to elicit testimony from the vocational expert relative to claimant's ability to perform sedentary work activity in light of his exertional and non-exertional limitations, and (3) because of the lack of vocational testimony and the lack of medical evidence substantiating his ability to do a full range of work activity, the

ALJ's decision was unsupported. Because I find that the ALJ erred in failing to elicit testimony from the VE regarding the effect of claimant's non-exertional impairments on his ability to work, I recommend that this case be **REMANDED**.

The record shows that claimant had a history of low back pain with radiation and numbness to the legs, along with obesity. While the ALJ evaluated claimant's obesity under SSR 2-01p (Tr. 15), he failed to consider claimant's non-exertional limitations from his pain on his residual functional capacity.

To prove disability resulting from pain, an individual must establish a medically determinable impairment that is capable of producing pain. *Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir. 1995). Once a medical impairment is established, the subjective complaints of pain must be considered along with the medical evidence in determining the individual's work capacity. *Id*. Disabling pain must be constant, unremitting, wholly unresponsive to therapeutic treatment, and corroborated in part by objective medical testimony. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991).

Here, the medical records are replete with claimant's complaints of low back pain with radiation to the legs. (Tr. 124, 129-31, 155, 203, 213). His CT scan showed extensive multilevel degenerative changes, an underlying congenital

short pedical variant, and varying degrees of spinal canal and neuroforaminal compromise, most severe at L4-5 and L5-S1. (Tr. 159). The MRI showed multilevel disc protrusions centrally with acquired and central spinal stenosis at multiple levels, and facet joint degenerative changes, primarily at L5-S1. (Tr. 201). He also had objective findings of loss of fine touch sensation on his entire right lower extremity and proximal third of the left leg. (Tr. 213).

Despite these findings supporting claimant's complaints of pain, the ALJ relied exclusively on the Medical-Vocational Guidelines. (Tr. 16). Although the ALJ had a vocational expert at the hearing, he failed to obtain an opinion from him as to claimant's ability to work in light of his back problems and obesity.

The Social Security regulations provide that the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform when the characteristics of the claimant correspond to criteria in the Medical-Vocational Guidelines of the regulations, and that claimant either suffers only from exertional impairments or his *non-exertional impairments do not significantly affect his residual functional capacity*. (emphasis added). *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987); 20 C.F.R. § 404.1569 and Part 404, Subpart P, Appendix 2, Section 200.00. Here, the records consistently show that claimant had complaints of pain. Claimant also had multiple medically

determinable impairments capable of producing such pain.  Despite this, the ALJ improperly relied solely on the guidelines.

Accordingly, the undersigned recommends that this case be **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g).  This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to order a consultative examination of claimant or an evaluation by claimant's treating physician, specifically as to his residual functional capacity in light of his back problems and obesity.  Claimant shall be afforded the opportunity to submit additional evidence and to testify at a supplemental hearing.

Inasmuch as the remand recommended herein falls under sentence four of Section 405(g), any judgment entered in connection herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA).  *See Richard v. Sullivan*, 955 F.2d 354 (5th Cir. 1992) and *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed April 1, 2011, at Lafayette, Louisiana.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE